LAURA A. HUBLER ET AL., APPELLEE, V. MODERN WOODMEN OF AMERICA: DAVID M. FAGER, APPELLANT.

FILED APRIL 10, 1924. No. 22688.

Insurance: CHANGE OF BENEFICIARIES. Under the facts outlined in the opinion, *held* that there was no legal or equitable change of beneficiaries named in the benefit certificate in controversy issued by a fraternal beneficiary association.

APPEAL from the district court for Dodge county: A. M. POST, JUDGE. *Affirmed.*

*Cain & Johnson,* for appellant.

*Henry M. Kidder* and *S. S. Sidner, contra.*

Heard before LETTON, DEAN and DAY, JJ., and REDICK, District Judge.

PER CURIAM.

This is an action to recover $2,000 on a fraternal benefit or life insurance certificate issued May 4, 1917, by the Modern Woodmen of America, a fraternal beneficiary association, insurer, to David M. Hubler, insured. Laura A. Hubler, wife of insured, was named in the benefit certificate as beneficiary to the extent of $1,000, and the children of insured, John H. Hubler, Elmer W. Hubler, Maud D. Henderson, Sadie M. Wintersteen, Emma E. Henderson and Pearl A. Raush, as beneficiaries in equal shares to the extent of $1,000 in all. When the benefit certificate was in force, insured died February 5, 1920. Plaintiffs are the beneficiaries named and defendants are the insurer and David M. Fager, a rival claimant to the insurance. In an answer to the petition, the insurer pleaded that it refused to pay

(1)

the insurance to plaintiffs because Fager claims to be the sole beneficiary under a change alleged to have been made in his favor by insured January 28, 1920; that insurer refused to recognize Fager as beneficiary for the reason that insured failed to comply with the by-laws and regulations relating to the manner of making such a change and was not mentally competent to make it; that insurer be permitted to pay the insurance into court for distribution. This course was taken and insurer was discharged from further liability. Fager filed a cross-petition pleading a change which made him beneficiary and demanded the insurance. Upon a trial before the district court without a jury, the issues were decided in favor of plaintiffs and the cross-petition was dismissed. Fager has appealed.

The question presented by the appeal is the effect, if any, to be given to the attempt to substitute Fager as beneficiary for the wife and children of the insured.

January 28, 1920, insured, using a blank form on the back of the benefit certificate, signed and acknowledged before a notary a purported change, expressing a wish to surrender the original benefit certificate and to have a new one issued in favor of Fager. So indorsed, the benefit certificate was received by the head clerk of insurer at Rock Island, Illinois, January 30, 1920. The purported change did not comply fully with the by-laws and regulations of insurer. There was a failure to pay a fee essential to such a change and the relationship of Fager to insured was not stated. Beneficiaries are limited to particular classes and there was nothing to show that Fager belonged to one of them. A new benefit certificate was never issued. Failure to comply with regulations in these respects made the purported change inoperative within the meaning of the insurance contract and the by-laws. Insured did not do all in his power to make the change. Insurer, acting within its power and questioning the mental capacity of insured, refused to recognize Fager as beneficiary and to issue a new benefit certificate in his favor. In this state of affairs insured died February 5, 1920. On the record presented it is clear that there was no

legal substitution of Fager for the wife and children of insured. It seems equally clear that there was no equitable change. The original beneficiaries were within a class of persons entitled to receive benefits. They were natural objects of insured's affections, care and bounty. For their benefit the assessments had been paid without any effort to substitute Fager, during a period when insured was sound mentally. The purported change occurred at a time when the mental capacity of insured was at least questionable. It may fairly be inferred from the evidence that it resulted from caprice or anger. There is no substantial ground for decreeing an equitable change, such as took place in *Smiley v. Modern Woodmen of America,* p. 10, *post.* In this view of the facts and the law there is no error in the record.

AFFIRMED.

Note—See Mutual Benefit Insurance, 29 Cyc. p. 130.